RICHARD F. SWEENEY *vs.* MOREY & CO., INC.

Suffolk.    December 9, 1931. — June 28, 1932.

Present: RUGG, C.J., PIERCE, WAIT, & FIELD, JJ.

*Municipal Court of the City of Boston,* Report, Notice.  *Practice, Civil,*
Findings by judge, Requests, rulings and instructions, Rules of court,
Appellate Division, Vacation of judgment.  *Rules of Court.  Clerk of
Courts.  Notice.  Time.  Words,* "After notice."

Certain findings and rulings by a judge of the Superior Court were *held*
to show that he denied a petition to vacate a judgment as a matter of
law and not in the exercise of his discretion.

Notice of a finding in an action in the Municipal Court of the City of
Boston was left at the office of the attorney for one of the parties in
his absence, and receipt thereof was acknowledged in the name of the
attorney "by M. A. M."  He did not file a request for a report to the
Appellate Division within two days thereafter nor a draft report
within five days thereafter, but such papers were filed within two and
five days, respectively, of the time when he had actual knowledge of
the notice.  The attorney was not negligent in his conduct of the
matter, and his absence from his office was justified.  Judgment was
entered against the attorney's client.  A judge who heard a petition
thereafter filed by the client to vacate the judgment ruled as a matter
of law that the time had passed when the petitioner could have a report
of the action to the Appellate Division; and denied the petition as a
matter of law.  *Held,* that

(1) The phrases "within two days after notice" in G. L. c. 231,
§ 108, and "within five days after notice" in Rule 36 of the Municipal
Court of the City of Boston (1928) in the circumstances meant within
two and five days, respectively, after the notice actually came to the
knowledge of the attorney;

(2) In the circumstances, it could not be presumed that the person
who signed the receipt for the notice was authorized by the attorney to
receive it in his behalf;

(3) The ruling by the judge and the denial of the petition as a
matter of law were erroneous;

(4) The judge not having reached a consideration of the petition
on its real merits, it was error to give further rulings to the effect that
the facts did not show a ground justifying the granting of the petition
as a matter of law or in the sound discretion of the judge;

(5) It not appearing that the petitioner had attempted to circumvent the statute and rule above mentioned, it was error to rule that the judgment could not be vacated "where it is shown that the sole purpose is that of circumventing" that statute and that rule;

(6) It was error to rule that "there is no duty upon the part of the court or the clerk either by rule or statute to notify the attorney of findings," and that "it is the duty of the parties to look after their cases and to ascertain what steps are taken in their disposition."

In computing the periods, "within two days after notice" in G. L. c. 231, § 108, and "within five days after notice" in Rule 36 of the Municipal Court of the City of Boston (1928), the day upon which notice is given, and a Sunday, are excluded.

Such notice having been received on Saturday, August 2, a request for a report to the Appellate Division filed on August 5, and a draft report filed on August 6, were filed within two and five days, respectively, thereafter, and complied with the requirements of the said statute and rule.

PETITION, filed in the Municipal Court of the City of Boston on August 4, 1930, to vacate a judgment in favor of the respondent in an action by it against the petitioner in that court.

The petition was allowed in the Municipal Court. Upon appeal to the Superior Court, the petition was heard by *Beaudreau,* J. The allegations of the petition and findings by the judge are described in the opinion. The judge gave the following rulings requested by the respondent:

"1. That the petition to vacate judgment filed by Richard F. Sweeney does not set out a reason in law or fact upon which the court may properly act.

"2. That in this cause judgment should not be vacated where no fraud, accident or mistake has been shown as to the trial of the cause itself.

"3. That the record discloses no ground which as a matter of law or fact would justify the exercise of sound judicial discretion in favor of Sweeney as petitioner."

"5. That the judgment in this case may not be vacated where it is shown that the sole purpose is that of circumventing Rule 37 of the Municipal Court of the City of Boston and G. L. c. 231, § 108."

"7. That there is no duty upon the part of the court or the clerk either by rule or statute to notify the attorney of findings.

"8. That it is the duty of the parties to look after their cases and to ascertain what steps are taken in their disposition."

The petition was denied and the petitioner alleged exceptions.

*J. J. Higgins*, for the petitioner.

*G. D. Shorey*, for the respondent.

RUGG, C.J.  This is a petition under G. L. c. 250, § 15, to vacate a judgment entered on Friday, August 1, 1930, for the plaintiff in an action pending in the Municipal Court of the City of Boston, wherein the present respondent was plaintiff and the present petitioner was defendant.  On July 29, 1930, notice of a finding by the court in favor of the plaintiff was left at the office of Mr. Higgins, the attorney for the defendant, who was then absent in Maine. Receipt of the notice was acknowledged by signature, "John J. Higgins, by M. A. M."  Actual notice of the finding was received indirectly by the absent attorney in the evening of Saturday, August 2, 1930.  He immediately returned to his office in Boston and on Monday, August 4, 1930, found the clerk's notice on his desk.  On that day the present petition was filed.  On the day following, the defendant in the original action filed a request for a report and, on the second day following, filed a draft report.  Both were subsequently returned to him.  The present petition was allowed in the Municipal Court.  The respondent appealed.  At the hearing in the Superior Court requests for rulings presented by the petitioner were denied. The trial judge made findings of the tenor following: "I do not find that counsel for Richard F. Sweeney was negligent in his conduct of this case, his absence from his office is well justified, but Rule 37 of the Municipal Court of the City of Boston is peremptory in its nature, and failure to comply with its terms cannot be relieved.  I therefore grant defendant's requests for rulings numbers 1, 2, 3, 4, 5, 6, 7, 8, and the petition to vacate is denied."  The exceptions of the petitioner bring the case here.

The petition sets forth in substance the facts already narrated, and alleges that it was the intention of the at-

torney in the original action to request a report if the finding was against the defendant, but that, owing to the absence of the attorney and want of actual knowledge of the adverse finding, the judgment was entered; that no execution issued, and execution has not been satisfied in whole or in part, and that the petitioner is advised that there is a real question of law involved worthy of presentation to the Appellate Division. No attack has been made upon these allegations. It has not been argued that, so far as material, they are not to be accepted as true.

A petition to vacate judgment is addressed largely, although not exclusively, to the sound discretion of the trial judge. The trial judge in the case at bar does not appear to have exercised his discretion but to have denied the petition as matter of law. We think that that is the true construction of his findings and rulings already quoted. His findings, so far as they go, are favorable to the petitioner. The attorney for the petitioner is exonerated from blame and his absence is found to have been justified. The reference in the findings and rulings to Rule 37 of the Municipal Court of the City of Boston must be deemed to be a clerical error or a mistake, for that rule relates to procedure after the establishment by the trial judge of the report to the Appellate Division. The original case here under consideration never reached that stage. We assume that reference was intended to Rule 36 of the Municipal Court of the City of Boston (1928). [The substance of that rule was Rule 37 of the rules of that court of 1922.] That rule, so far as here material, is in these words: "The party requesting a report shall file a draft thereof within five days after notice of the finding in the cause, provided that the cause be then ripe for judgment, except for the pendency of requests for rulings or request for a report; otherwise within five days after the cause becomes so ripe for judgment. . . . If no draft report is filed as above required, the cause shall proceed as though no claim of report had been made." The relevant statute then operative (see now St. 1931, c. 426, § 116), was G. L. c. 231, § 108. It there was provided that a party aggrieved by any ruling of law by

a trial judge of the Municipal Court of the City of Boston might have that ruling reported for decision by the Appellate Division and that "request for such a report shall be filed with the clerk within two days after notice of the ruling."

The question is whether upon the facts already narrated the ruling of law made by the trial judge, to the effect in substance that the time had gone by when the petitioner could get any report of his case, was right. It would be vain to exercise discretion to vacate a judgment if, when such vacation had taken place, the petitioner could as matter of law take no benefit thereby and when the only course open to the trial court under the governing statute and rule would be to enter the same judgment again. The answer to the question thus presented depends upon the interpretation of the words in the statute requiring request for report "within two days after notice of the ruling," and of the words in Rule 36 requiring the filing of a draft report "within five days after notice of the finding."

The precise point to be decided in this connection is the meaning of the words "within two days after notice" in the statute and "within five days after notice" in the rule. Specifically, do they mean within the stated time after notice sent, or after notice delivered at office, home, or address; or do they mean after notice actually received by the person entitled to it?

It may be presumed that the "notice" referred to in both statute and rule is the notice required by G. L. c. 218, § 46, to the effect that in a district court (which includes the Municipal Court of the City of Boston, G. L. c. 4, § 7, Seventh, as most recently amended by St. 1931, c. 394, § 208), "when a decision is rendered in an action, except in open court, the clerk of the court shall forthwith give notice thereof to the parties or to their attorneys." Neither the statute nor any rule of the Municipal Court of the City of Boston prescribes how such notices shall be given by the clerk.

Several decisions support the proposition that, in the absence of other governing provisions, a notice designed to

affect legal rights must be personal or the contents thereof must be actually conveyed to the person to whom notice must be given. *Wiggin* v. *Freewill Baptist Church*, 8 Met. 301, 312. *Lawrence* v. *Webster*, 167 Mass. 513. *Stebbins* v. *Merritt*, 10 Cush. 27, 32. *Street Lumber Co.* v. *Sullivan*, 201 Mass. 484, 486. *Webber Lumber & Supply Co.* v. *Erickson*, 216 Mass. 81. There is a considerable body of authority in other jurisdictions to the effect that, where notice is required by statute or by established judicial procedure, the service must be personal unless a different method of service is authorized. *Haldane* v. *United States*, 16 C. C. A. 447, 450; *S. C.* 69 Fed. Rep. 819. *Haj* v. *American Bottle Co.* 261 Ill. 362, 364–365. *Wilson* v. *Trenton*, 24 Vroom, 645. *Beakes* v. *DaCunha*, 126 N. Y. 293, 297. *Burdett* v. *Lewis*, 7 C. B. N. S. 791, 794.

It is to be observed that the notice here involved is not required to be given by a party as a condition to the taking of further steps in procedure, such as notice of filing exceptions, *Chertok* v. *Dix*, 222 Mass. 226, or of filing motions, *Gloucester Mutual Fishing Ins. Co.* v. *Hall*, 210 Mass. 332, or of the filing of petitions to establish exceptions, *Thorndike, petitioner*, 270 Mass. 334, or the giving of notice of personal injuries, *Schneider* v. *Boston Elevated Railway*, 259 Mass. 564, 566, or the giving of notices according to stipulations in contracts, *McCord* v. *Masonic Casualty Co.* 201 Mass. 473. There must be strict compliance with requirements of that nature. They relate to matters where the essential facts to be embodied in the notice are known to the person required to give the notice, and the notice is designed to draw the attention of his adversary to those facts. That principle is not applicable in the case at bar. The principle of cases like *Bath Iron Works, Ltd.* v. *Savage*, 262 Mass. 123, and *Herbert* v. *G. E. Lothrop Theatres Co.* 273 Mass. 462, is not pertinent because those decisions rest upon observance of peremptory regulations of statutes. *Boston Morris Plan Co.* v. *Barrett*, 272 Mass. 487, is not relevant to the present issues.

The notice here involved is required to be given by a public officer. Its purpose is to enable a party to learn of a decision of his case by the court to the end that he may

decide whether to seek rehearing of rulings of law adverse to his interests. It is to give him information in order that he may determine how to act. The time within which such party, when aggrieved by the decision, is required to take action to preserve his rights is brief. Temporary absence due to illness, to accident, or to other unavoidable detention for good reason, may prevent the notice from reaching him within two days after such notice may have been left at his office. The statutory duty resting upon the clerk of the court is to give the notice "forthwith." Request for report must be made within two days "after notice." If it had been the intention of the Legislature in enacting the statute that the two days should begin to run from the delivery of the notice at the office of the person entitled to it, in the absence of that person, it would have been simple and more logical to require the two days to begin to run from the rendition of the decision or from the date of the notice, rather than after the notice. Then the parties would have been obliged at their own risk to look after their cases and to act within the time limited. *Rosenbush* v. *Westchester Fire Ins. Co.* 227 Mass. 41, 43–44. The mandate of the Legislature requiring the notice to be sent by the clerk of the court may be thought to have been intended to soften somewhat that rule. If it be given the construction urged by the respondent, it would hardly have that effect in many conceivable instances. The provisions of the statute respecting this notice are markedly different from those in St. 1931, c. 219, where action must be taken within a specified time "after the date" of the notice given by the clerk of court or other public officer.

The statute in connection with the preëxisting law as applied to the facts disclosed on this record bears some analogy to that under examination in *Dimick* v. *Barry*, 211 Mass. 165, where it was held that actual presentation of a document to the mayor of a city was required and that the time of limitation for his action did not begin to run until such presentation. See *Tuttle* v. *Boston*, 215 Mass. 57.

The purpose of the statute in the light of the facts here disclosed renders inapplicable the principle held to be con-

trolling in *Cobb* v. *Chickatawbut Club*, 220 Mass. 146, and *Massachusetts Drug Co.* v. *Bencks*, 256 Mass. 535. Those decisions are not shaken by anything here said.

Questions of difficulty may often arise whether an attorney or party may not have been negligent with reference to the case, or may not have been justified in absence, so that notice did not reach him through his fault. Facts of that nature are resolved in favor of the petitioner by the finding of the judge.

In the circumstances here disclosed we are of opinion that the period of two days specified in the statute did not begin to run until knowledge of the substance of the notice actually came to the attorney for the defendant in the original action.

It does not appear who acknowledged receipt of the notice by signature "John J. Higgins, by M. A. M." There is no finding with respect to this subject. There is nothing to indicate who "M. A. M." was. Initials do not constitute a name. *Volpe* v. *Sensatini*, 249 Mass. 132, 134. There was no attempt by the trial judge to draw inferences from all the evidence before him. The finding for the respondent was not general but was in effect based upon rulings of law. It cannot be presumed in these circumstances that the notice was delivered to one authorized to receive it in behalf of the attorney with all the implications thereby involved.

The question remains whether the petitioner acted with the requisite dispatch after knowledge of the contents of the notice reached his attorney. The request for a report was filed on Tuesday, August 5. The words of the statute and of the rule, "after notice," manifestly refer in their context to succession of days in point of time from and subsequent to the day when knowledge of the substance of the notice was received. Although "after" may some times signify "subject to," or "relative priority" and "subordination," *Lamb* v. *Lamb*, 11 Pick. 370, 378, *Treadwell* v. *Cordis*, 5 Gray, 341, 353, one of its common meanings relates to time. In computing time from a date, act or event, the settled rule, here applicable, is to exclude the day from

which the period of time runs unless a contrary intention is disclosed by the statute, instrument or contract with respect to which the question arises. *Bemis* v. *Leonard,* 118 Mass. 502, 506. *Roman Catholic Archbishop of Boston* v. *Board of Appeal of Boston,* 268 Mass. 416, 417. When the time limited for the performance of any act is less than seven days, Sunday is not included in the computation. *Stevenson* v. *Donnelly,* 221 Mass. 161, 163. *Marcellino, petitioner,* 271 Mass. 323, 324. Therefore, knowledge of the notice having been received on Saturday, August 2, and the request for a report having been filed on Tuesday, August 5, the request was within two days "after notice." The draft report, having been filed on Wednesday, August 6, was filed within five days "after notice."

The conclusion follows that there was error in granting several of the rulings requested by the respondent. The effect of granting requests 1 and 2 was to rule that, as matter of law on the facts set forth in the exceptions and upon the findings made, the petitioner was not entitled to relief. That was error. The trial judge did not reach the consideration of the petition on its real merits and did not undertake the ascertainment of the facts which should move the court to the exercise of discretion whether the petition ought to be granted or denied. He did not pass upon the issues pertinent to the decision of the case as set forth in *Russell* v. *Foley,* 278 Mass. 145, and *Manzi* v. *Carlson,* 278 Mass. 267, where the principles of law governing a case like the present are stated at length. It was error, therefore, to grant request 3. Request 5 was not rightly granted. As already pointed out, the petitioner moved with diligence after knowledge of the notice of the decision by the judge in the original case had reached his attorney, and therefore it was not shown that he was trying to circumvent any rule or statute. It was error to grant request 7, to the effect that there was no duty on the part of the clerk of the court to notify the attorney of the findings. It was contrary to the precise requirement of G. L. c. 218, § 46, which imposes that duty on the clerk. Although in that section the word "decision" is used, it is a word sufficiently

broad in import to comprehend "finding" and includes the result reached by a judge in the consideration of a case. *Garden Cemetery Corp.* v. *Baker,* 218 Mass. 339, 346. It was error also to grant request 8. While that request states the general rule, *Rosenbush* v. *Westchester Fire Ins. Co.* 227 Mass. 41, the exception is there noted to the effect that it does not apply where there is express provision to the contrary. Such provision touching the case at bar is found in said § 46. Requests 4 and 6 did not relate to matters controlling upon the rights of the parties and need not be discussed.

The requests for rulings presented by the petitioner need not be considered because, in view of the grounds on which this decision rests, they are not likely to arise in this form at further hearings.

*Exceptions sustained.*