THE BERKSHIRE GAS COMPANY *vs.* BOARD OF ASSESSORS OF WILLIAMSTOWN. April 3, 1972. The Appellate Tax Board (the board) allowed the assessors' motion to dismiss the company's appeal from the refusal of the assessors to abate a 1970 tax on the company's personal property. The company, which has now appealed to this court (from the board's denial of a motion to expunge the order of dismissal), applied for an abatement on September 28, 1970. The assessors on October 5, 1970, gave the company notice (G. L. c. 59, § 63, as appearing in St. 1943, c. 79), of their refusal of an abatement. The company received the notice on October 6. It filed its appeal with the board on January 7, 1971. General Laws c. 59, § 64 (as amended through St. 1965, c. 597, § 2) permits an appeal to the county commissioners by a taxpayer "within three months after receiving the notice provided in" § 63, "or within three months after the time when the application for abatement is deemed to be denied," viz. upon "the expiration of three months from the date of filing of such application" for abatement. Section 65 (as amended through St. 1945, c. 621, § 6) provides for an appeal to the board within the same periods specified, and "subject to the same conditions provided for an appeal under" § 64. Three months means three calendar months (see *C. & W. Dyeing & Cleaning Co. Inc.* v. *DeQuattro,* 344 Mass. 739, 742, fn. 2), measured from (but excluding) the date of receipt of the notice. The three calendar months began at midnight following October 6, 1970, the date of receipt of the notice, and expired at midnight before January 7, 1971, three complete calendar months. The case is governed by *Boston Penny Sav. Bank* v. *Assessors of Boston,* 314 Mass. 599, 600–601, where time (then ninety days under §§ 64 and 65, as appearing in St. 1939, c. 31, §§ 6 and 7; but see St. 1945, c. 621, §§ 5, 6) was computed from the expiration at midnight of the last day on which the assessors could act on the abatement application without being deemed to have denied it. See G. L. c. 4, § 7, Nineteenth. The legislative history of the pertinent present statutory provisions suggests no different result. See 1945 House Doc. Nos. 8 (pp. 7–8), 13, 1806, 1843; 1945 Senate Doc. Nos. 552, 582; 1945 House Journal, p. 836; 30 Mass. L. Q. (No. 2) 5.

*Decision of Appellate Tax Board affirmed.*

*Stephen B. Hibbard* for the taxpayer.

*James A. Bowes* for the Board of Assessors of Williamstown.