*Southern District*

## No. 129

# GARY W. WING
### v.
# BENJAMIN LIZIEWSKI, ET UX

Argued: May 19, 1976. Decided: October 1, 1976.

Case tried to *Welsh, J.,* in the First District Court of
Barnstable. Number: 3270.

Present: Lee, P.J., Hurd, J., Tamkin, J.

Sitting at: Fourth District Court of Bristol (Attle-
boro).

**Tamkin, J.** This is an action of contract to
recover for labor and materials furnished at the
defendants' premises located on County Road, Monu-
ment Beach, Massachusetts. The answer is a general
denial, plea of payment, and assertion that the con-
tract declared upon is not that of the defendants.
The answer further specifically pleads the Statute of
Frauds as a defense.

At the conclusion of the evidence, and before final arguments, the plaintiff filed requests for rulings of law. The court took the matter under advisement.

On June 27, 1975, the court filed with the Clerk a document entitled "Findings and Disposition of Requests for Rulings", which disposed of the requests for rulings filed by the plaintiff and made a general finding for the defendants.

On June 27, 1975, notice of the "Findings and Disposition of Requests for Rulings" was sent by mail by the Clerk's office to counsel of record for both parties. Counsel for plaintiff received notice of "Findings and Disposition of Requests for Rulings" on July 1, 1975. No request for report was filed. On July 10, 1975, plaintiff filed a draft report and forwarded a copy thereof to the trial justice requesting a hearing on the report. Counsel for the defendants filed a Motion to dismiss the draft report alleging that the plaintiff failed to comply with those requirements specified in Rule 64 of the Rules for Civil Procedure of the District Courts of Massachusetts and the Municipal Court of the City of Boston.

A hearing was held on the motion at which time both parties argued their respective positions. After hearing arguments, the court allowed the motion to dismiss and ordered the draft report dismissed for noncompliance with the time requirement of Rule 64 of Dist./Mun. Cts. Civ. P.

On August 15, 1975, the date of the hearing, the following order was entered on the docket and sent by the Clerk to counsel for the parties: "Motion by defendants for dismissal of draft report allowed. No claim for report filed and draft report not seasonably filed."

No motion was ever filed by the plaintiff at any time to extend the time for filing either claim for report or draft report.

The report was stated to contain all the evidence material to the question reported.

Plaintiff claims to be aggrieved by the court's order allowing the motion to dismiss the draft report.

We determine that the trial court acted properly in dismissing the defendants' draft report.

Rule 64 Dist./Mun. Cts. R. Civ. P. (c) (1) (i) "Requests for Reports . . . . Such requests for reports shall be filed with the clerk of the trial court within 10 days after entry of judgment. Upon a showing of excusable neglect, the trial court may extend the time for filing a request for report by any party for a period not to exceed 10 days from the expiration of the time otherwise prescribed by this rule. . . . Requests for reports shall be deemed included in draft report filed within the period during which such requests for reports could have been filed.

(ii) Draft Reports. Parties requesting reports as provided for in (i) above shall file drafts thereof within 10 days after entry of judgment. Upon a showing of excusable neglect, the trial court may extend the time for filing draft reports by any party for a period not to exceed 10 days from the expiration of the time otherwise prescribed by this rule . . . ."

Rule 77 Dist./Mun. Cts. R. Civ. P. Sec. 2 (d) "Notice of Orders or Judgments . . . . Lack of notice of the entry by the clerk does not affect the time to request a report or file a draft report, or authorize the court to relieve a party for failure to request a report or file a draft report within the time allowed, except as permitted in Rule 64 (c) of these rules."

The applicable comments by the reporters in re Rule 64 Dist./Mun. Cts. R. Civ. P. reads as follows:

"Another important change effected by this Rule 64 is the manner in which such time periods are to be computed. Under the former rules, such computa-

tion was based on 'notice' of the court's rulings (other than rulings on questions of evidence at a trial). Moreover, it was held under those rules that the 'notice' period would start to run only when knowledge of the substance of the notice actually came to the party to be notified or his attorney. *Sweeny v. Morey,* 279 Mass. 495, 181 N.E. 782 (1932). However, consistent with the comparable Massachusetts Rules of Civil Procedure applicable to proceedings in the Superior Court and certain other courts and dealing with post-judgment motions and appeals, the District/Municipal Courts Rules of Civil Procedure that the starting time for computation of prescribed periods for comparable proceedings in the District and Municipal Courts is the *date of entry of judgment by the clerk.* See Rules 52, 59, and 64 above. While this represents a very substantial change, it will provide the desired uniformity among the courts of the Commonwealth as to the computation of time invoking post-judgment relief.

It cannot be overemphasized that the running of the time periods for filing requests for reports and draft reports begins not when notice of the entry of judgment is received, nor even, necessarily, when such notice is mailed by the clerk (though such mailing is to occur 'immediately upon entry of judgment' and would therefore occur the same day in most cases). Rather the period is commenced simply by the entry of the judgment and terminates ten days later, allowing, of course, for the general rules for computing time periods, set forth in Rule 6.

The time period for filing request for reports has been lengthened from five to ten days primarily because the new approach to measuring this time period does not 'allow for' the time the notice is en route in the mail.

In most cases the notice of entry of judgment will be received within two or three days of its mailing,

allowing the recipient seven or eight days to file his request for rulings and draft report (or just his draft report). Should the recipient not actually receive the notice in time to file his request for report and/or draft report within ten days after entry of judgment, his only relief can come on motion for an extension of time followed by a finding of excusable neglect."

The plaintiff did not comply with Rule 64 of the District Courts Rules of Civil Procedure in that neither the request for report nor the draft report were filed with the clerk of the trial court within ten (10) days after the entry of judgment, June 27, 1975.

On July 10, 1975, the plaintiff filed a draft report. This was beyond the ten (10) days and thus was too late.

There being no prejudicial error, the report is dismissed.