BOARD OF ASSESSORS OF SALEM *vs.* STATE TAX COMMISSION.

Suffolk.    November 4, 1976. — December 3, 1976.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & LIACOS, JJ.

*Notice.    State Tax Commission,* Notice.    *Words,* "Date of notice."

The date of notice specified in G. L. c. 58, § 14, was the date that a board of assessors actually received notice of valuation of certain State owned land and not the date on which notice was mailed by the State Tax Commission. [411-413]

APPEAL from a decision of the Appellate Tax Board.

*Peter R. Merry,* Assistant City Solicitor, for the Board of Assessors of Salem.

*Howard Whitehead,* Assistant Attorney General, for the State Tax Commission.

LIACOS, J.    This is an appeal pursuant to G. L. c. 58A, § 13, as amended, by the board of assessors of Salem (assessors) from a decision of the Appellate Tax Board (board). The board dismissed the assessors' petition for a correction of the State Tax Commission's (commission) valuation of certain State owned lands, as not timely filed

under G. L. c. 58, § 14.[1] The board made findings of fact
and a report pursuant to G. L. c. 58A, § 13. We state the
facts as found by the board.[2]

The commission mailed notice of its decision on May 30,
1975, and the petition for correction was filed on June 10,
1975, eleven days after the mailing of the notice. The board,
after hearing the commission's plea in bar and motion to
dismiss, held that the ten-day period in G. L. c. 58, § 14,
had lapsed. The board ruled that the time period specified
in the statute began to run from the time the notice of
valuation was mailed, rather than from the date such
notice was received.[3] As such the board determined that
the statutory period had expired on June 9, 1975, one day
before the filing of the petition for correction. We reverse
and hold that the "date of notice" specified in G. L. c. 58,
§ 14, is the date that notice of such decision is received.[4]

---

[1] General Laws c. 58, § 14, as appearing in St. 1974, c. 492, § 6, reads:
"The commission, not later than June tenth of each year in which it
makes such determination, shall notify the assessors of each town
where the commonwealth owns, or the county commissioners hold, land
for the purposes named in the preceding section, of its determination of
the value of such land in such town. A board of assessors aggrieved
by a determination of the value of any land as valued under sections
thirteen or fifteen may make a written application for a correction
thereof to the appellate tax board within ten days after the date of
notice, setting forth the grounds for such application for correction.
Not later than July fifteenth following, said board shall, upon the basis
of such application or after giving such assessors a hearing, as the
board may determine, make a finding whether the commission acted
in accordance with section thirteen. If the board finds that the com-
mission failed so to act, it shall thereupon make a determination of
value in accordance with section thirteen and shall notify said board
of assessors and the commission of its determination, and its decision
shall be conclusive."

[2] General Laws c. 58A, § 13, as appearing in St. 1973, c. 1114, § 5,
makes the decision of the board "final as to findings of fact."

[3] The pertinent language in G. L. c. 58, § 14, on which the board re-
lied is: "A board of assessors aggrieved by a determination of the value
of any land as valued under ... [G. L. c. 58, § 13] may make a written
application for a correction thereof to the appellate tax board *within
ten days after the date of notice* ..." (emphasis supplied).

[4] We note that the board made no specific findings of fact as to the
date of the receipt of the notice by the board of assessors. We take
notice of the fact that mail matter posted in Boston is not delivered
on the same day to Salem. Thus, for purposes of this decision we treat
the notice as received on May 31, 1975.

This result is consistent with the reasoning of *Sweeney* v. *Morey & Co.*, 279 Mass. 495, 499-502 (1932), where the court was called on to determine whether the time period specified in a statute (G. L. c. 218, § 46) and in a rule of court requiring certain actions "within five days after notice" to preserve legal rights began to run on mailing or receipt of the notice. The court held that the time period was triggered not by the mailing but by the date of receipt of notice. The court reasoned that this was a necessary interpretation since the purpose of the notice period was to give the party affected sufficient time and information to allow due consideration of a future course of action. Cf. *C. & W. Dyeing & Cleaning Co.* v. *DeQuattro*, 344 Mass. 739, 742 n.2 (1962). There is no reason to believe that a similar rationale does not underlie G. L. c. 58, § 14. While it is true that the entire statutory scheme shows a clear intent to expedite resolution of all disputes arising thereunder, we do not view our holding as contrary to that intent, especially since other parts of that statutory scheme make the date of receipt of notice the time from which certain actions must be taken. See, e.g., G. L. c. 58, § 2; G. L. c. 59, § 64. Cf. *Berkshire Gas Co.* v. *Assessors of Williamstown*, 361 Mass. 873 (1972). If the Legislature had intended the date of mailing to be the controlling date, it could have easily made the language of the statute explicit in this regard. See *Ash* v. *United States*, 37 F. Supp. 464 (D. Mass. 1941).

The computation of the time period of ten days is to be measured by the familiar principle that the period is to be computed by the "succession of days in point of time from and subsequent to the day when knowledge of the substance of the notice was received. . . . In computing time from a date, act or event, the settled rule, here applicable, is to exclude the day from which the period of time runs unless a contrary intention is disclosed by the statute, instrument or contract with respect to which the question arises." *Sweeney* v. *Morey & Co.*, *supra* at 502-503. Under this principle the petition for correction received on June 10, 1975, by the board was timely if the notice was received

on May 31. The decision of the Appellate Tax Board is reversed and the case remanded for further proceedings.

*So ordered.*