William T. Walsh, J.
Bernard Lenhoff, J.
Allan McGuane, J.

This certifies that this is the OPINION of the Appellate Division in this cause.

Robert E. Fein
Clerk

## BAYBANK UNITED, N.A.
### vs.
### Donald McBEE, JR.

### No. 282

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

**October 8, 1981**

Michael Duggan, counsel for plaintiff
Joseph F. Killion, counsel for defendant

## DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Southern District sitting at Attleboro upon Report from the District Court Department, Attleboro Division and it is found and decided that there is no reversible error in this case.

It is hereby

ORDERED: That the Clerk of the District Court Department, Attleboro Division make the following entry in said case on the docket of said Court, namely: REPORT DISMISSED.

Date: October 8, 1981
**Daniel H. Rider, Presiding Justice**
**Robert A. Welsh, Jr., Justice**

**Charles E. Black, Justice**

Opinion filed herewith.
**Patricia D. Minotti**
**Clerk**

## OPINION

**BLACK, J.** This is an action of contract and tort in which the plaintiff, Baybank United, N.A., (Baybank), seeks to recover ten thousand one hundred ten dollars ($10,110.00) from the defendant, Donald McBee, Jr., which the plaintiff alleges became due when the defendant dishonored two (2) instruments which the plaintiff obtained during the commercial check clearing process. The plaintiff alleges that having given value, without notice of defenses to the instrument, in good faith and without knowledge of any adverse claim against the instruments, it became a holder in due course and entitled to payment upon presentment to the drawer.

The defendant, in his answer, responded by asserting that he gave timely stop payment notice to the payor bank and that this notice was effective as to the plaintiff, a collecting bank, and that the loss of the original instruments by the plaintiff adversely affected its position as a holder in due course. The court found for the defendant.

At trial, there was evidence tending to show that the defendant was a NOW Account customer of the Easton Cooperative Bank (Easton), and that he had drawn two checks upon the said account, one in the amount of five thousand dollars ($5,000.00) dated February 5, 1979, payable to one Gene Cote, and the other in the amount of five thousand one hundred and ten dollars ($5,110.00) dated February 7, 1979, payable to David Freitas Electric Company. On February 8, 1979, he executed a "Stop Payment" order as to the first check and on February 9, 1979, executed a similar order on the second check. Easton

notified Baybank of the stop payment orders and Baybank misplaced them. Several weeks passed and Easton again reminded Baybank of the stop payment orders. Baybank then credited Easton's account in the sum of ten thousand one hundred and ten dollars ($10,110.00) and sought to recover against the prior collecting banks, both of which refused to honor its request. Baybank then brought suit against the defendant. Baybank acknowledged receipt of the stop payment orders and that the orders had been lost or misplaced. In the normal course of business, Baybank would have charged back the accounts of the presenting banks upon the receipt of the stop payment orders and predicated upon the several weeks delay, the presenting banks refused to honor this procedure in this case. Baybank also acknowledged that it was rights of subrogation against the payees of the checks, but chose to proceed against the defendant to recover.

The defendant filed requests for rulings in a timely manner, but none were requested by the plaintiff. The trial judge found no liability on the part of the defendant in regard to the transaction and judgment was entered for the defendant.

This court has repeatedly held that failure to make timely requests for rulings pursuant to Rule 64(b), Dist./Mun. Cts. R. Civ. P., precludes that party from taking an appeal from the court's decision inasmuch as there is no question of law to be reviewed. See, **Reid v. Doherty**, 273 Mass. 388 (1930); **Massachusetts General Hospital v. City of Quincy**, Rescript Opinion, 348 Mass. 791 (1965); **Carlsberg Printers, Inc. v. Shields**, 56 Mass. App. Dec. 131 (1975); **Wing v. Liziewski**, 59 Mass. App. Dec. 30 (1976); **Blake v. Seavey**, 1979 Mass. App. Div. Adv. Sh. 425; **First United Small Business Investment Company v. Price-Rite Discount Foods, Inc.**, 1981 Mass. App. Div. Adv. Sh. 34; and **Fiorino v. Worcester Polytechnic Institute**, 1981 Mass. App.

Div. Adv. Sh. 47. We note that in its brief the plaintiff-appellant refers to Mass. R. Civ. P. 52, which provides that "Request for Findings are not necessary for purposes of review." This rule has not been adopted as part of Dist./Mun. Cts. R. Civ. P. 52, and the preservation of issues and appeal to the Appellate Division are totally governed by Dist./Mun. Cts. R. Civ. P. 64. There is no reversible error in this case.

Accordingly, this appeal is dismissed.

**Daniel H. Rider, Justice**
**Robert A. Welsh, Justice**
**Charles E. Black, Justice**