BOSTON GAS COMPANY *vs.* BOARD OF ASSESSORS OF BOSTON.

Suffolk. March 10, 1988. — May 9, 1988.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, & NOLAN, JJ.

*Notice. Taxation,* Personal property tax: abatement; Real estate tax: abatement; Abatement; Appellate Tax Board: late entry of appeal, findings. *Administrative Law,* Substantial evidence. *Evidence,* Administrative proceeding, Credibility of witness.

A city's board of assessors did not fulfil its obligation under G. L. c. 59, § 63, to notify a taxpayer within ten days following the date its applications for tax abatement were deemed denied, where the notice given, although mailed within the ten-day period, was not received by the taxpayer until after this time had elapsed. [348]

At a hearing before the Appellate Tax Board on a taxpayer's petition for permission to enter late appeals from the denial of certain personal property and real estate tax abatement applications by a city's board of assessors pursuant to G. L. c. 59, § 65C, substantial evidence, including certain testimony by the taxpayer's officer responsible for tax assessments that he had no knowledge of past internal mail handling delays, and his description of the taxpayer's internal mail handling system, warranted the board's findings that the taxpayer had not received notices of the assesssors' denial of its requested abatements until October 21 and 23, 1986, although the notices should have been received by October 18, 1986, in order to fulfil the ten-day notice requirement of G. L. c. 59, § 63. [348-351]

APPEAL from a decision of the Appellate Tax Board.

The Supreme Judicial Court granted a request for direct appellate review.

*George Marshall Moriarty* (*Martin J. Newhouse* with him) for the taxpayer.

*Patrick J. Sharkey* (*Jay E. Gruber* with him) for the Board of Assessors of Boston.

HENNESSEY, C.J. The Boston Gas Company (taxpayer) filed abatement requests of its personal property and real estate tax assessments for 1986 on July 8, 1986. The board of assessors

(assessors) took no action on these requests and they were, therefore, deemed denied as of October 8, 1986. See G. L. c. 59, §§ 63, 64 (1986 ed.). The taxpayer did not appeal the denials to the Appellate Tax Board (board) within three months as was its right under c. 59, § 65 (1986 ed.).

On January 29, 1987, the taxpayer petitioned the board for permission to enter late appeals of the abatement denials pursuant to c. 59, § 65C (1986 ed.). Section 65C provides that the board may allow late appeals if the assessors have failed to notify the taxpayer in writing of their inaction on an abatement request within ten days of the deemed denial as required by c. 59, § 63, and the taxpayer has by "mistake or accident" failed to take its appeal as of right under c. 59, § 65. The taxpayer contended that it did not receive written notice within ten days and it had mistakenly failed to file under § 65. The assessors argued that they sent the notice within ten days and this satisfied the requirements of § 63 regardless of when the taxpayer received the notice.

The board denied the taxpayer's petition to file late appeals. After a hearing, the board found that the deemed denial date was October 8, 1986, and that the assessors mailed the notices on October 14 or 15. The board also found that the taxpayer received the notice regarding the property tax abatement's denial on October 21, and the real estate tax abatement's denial notice on October 23. Under § 63 the taxpayer should have been notified "in writing" by October 18, 1986. The board ruled that the taxpayer was notified in writing within ten days within the meaning of § 63. The board concluded that, by sending the notices within ten days of October 8, the assessors had met their obligations under § 63.

The taxpayer appealed and we granted its application for direct appellate review. The assessors cross appealed, challenging the board's finding that the taxpayer received the notices on October 21 and October 23. We reverse in part and affirm in part, and order the board to reconsider the taxpayer's petition for permission to file late appeals.

1. *Construction of § 63.*

The board erred in concluding that the assessors satisfied their statutory obligation by sending notice of the deemed denial date's passage within ten days. As noted by the dissenting commissioner below, the long-standing rule is that "[i]n the absence of express provision to the contrary, a notice is not given until received by the person to be notified." *Regan* v. *Atlantic Ref. Co.*, 304 Mass. 353, 354 (1939). See *Costello* v. *Board of Appeals of Lexington*, 3 Mass. App. Ct. 441, 443-444 (1975), and cases cited. Section 63 does not provide that the requisite notice may be given by mail within a pre-scribed time period. See *Survey & Research Serv., Inc.* v. *Director of the Div. of Employment Sec.*, 352 Mass. 475 (1967). In this circumstance, we conclude that taxpayers are notified within the meaning of § 63 upon receipt of the inaction notices, not upon the sending of such notices.

Contrary to the assessors' arguments our conclusion is but-tressed by the statutory framework of G. L. c. 59 (1986 ed.). In § 59 of c. 59, the Legislature provided that, where the tax "bill or notice was first sent after September first . . . [then] on or before the thirtieth day after the date on which the bill or notice *was so sent*," the taxpayer may file for an abatement (emphasis added). Thus, where the Legislature intended that the date on which the assessors send a notice be controlling it so stated. The Legislature explicitly made the date of sending of notice controlling in § 59. It failed to do so in § 63 and we will not imply the necessary language. See *First Nat'l Bank* v. *Judge Baker Guidance Center*, 13 Mass. App. Ct. 144, 153 (1982). See also *Assessors of Salem* v. *State Tax Comm'n*, 371 Mass. 410, 412 (1976) ("If the Legislature had intended the date of mailing to be the controlling date, it could have easily made the language of the statute explicit in this regard").

2. *The Assessors' Cross Appeal.*

The assessors contend that the board's findings that the tax-payer received the notices on October 21 and October 23 are not supported by substantial evidence.[1] Substantial evidence

---

[1] While the board is not subject to the State Administrative Procedure Act, G. L. c. 30A, § 1 (2) (1986 ed.), it is "subject to general principles affecting

is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *New Boston Garden Corp.* v. *Assessors of Boston*, 383 Mass. 456, 466 (1981). The board's findings should be overturned only if on consideration of the entire record it appears that "the evidence points to no felt or appreciable probability of the conclusion or points to an overwhelming probability of the contrary." *Id.*, quoting L.L. Jaffe, Judicial Control of Administrative Action 598 (1965).

The board found, and it is uncontested on appeal, that the notices were mailed on October 14 or October 15, six or seven days into the ten-day statutory period. It is also uncontested that the notices were imprecisely addressed to "Gas Co. Boston" rather than to "Boston Gas Company." However, the assessors argue that the board improperly relied on inadmissible testimony of a witness offered by the taxpayer. The assessors refer here to testimony from the taxpayer's officer responsible for tax assessments. They do not question the propriety of his testimony that he received the notices on his desk on October 21 and October 23. However, this employee also testified that he had "no knowledge of property tax bills being lost internally in the mail operations." The assessors objected to this testimony as being offered without a proper foundation.

We conclude that the evidence was properly received even though, under Rule 37 of the Rules of Practice and Procedure of the Appellate Tax Board (1987), the general rule is that the ordinary rules of evidence apply in board proceedings. (Contrast G. L. c. 30A, § 11 (2): "[u]nless otherwise provided . . . agencies need not observe the rules of evidence observed by courts"). We agree with the board that it properly received in evidence and considered the witness's status as a thirteen-year employee and his responsibility for the taxpayer's assessments. The employee also testified regarding the taxpayer's internal mail handling procedures. He stated that the United States

administrative decisions and judicial review of them." *Assessors of New Braintree* v. *Pioneer Valley Academy, Inc.*, 355 Mass. 610, 612 n.1 (1969). Review of its findings to determine whether they are supported by substantial evidence is, therefore, the appropriate test. *New Bedford Gas & Edison Light Co.* v. *Assessors of Dartmouth*, 368 Mass. 745, 749 (1975).

Postal Service makes two deliveries each morning, and that the mail received is then sorted and distributed to the taxpayer's various departments by a clerk. There was no objection to this testimony. On cross-examination, it became clear that the basis of the witness's knowledge of the taxpayer's internal mail procedures was an "investigation" he conducted in preparation for trial. While the assessors objected to the later testimony given by the witness on redirect examination, regarding the internal mail procedures as being hearsay or lacking a proper foundation, they made no motion to strike his initial testimony on the subject. This testimony remained in the record and the board was "entitled to give it such probative effect as [it] deemed appropriate." See *Abraham* v. *Woburn*, 383 Mass. 724, 726-727 n.1 (1981).

Given the above evidence a reasonable mind could conclude that the notices were received on October 21 and October 23. It would be reasonable for the board to infer that any delay caused by the address imprecision occurred through the United States Postal Service and not once the mail was in the hands of the rightful recipient. Further, the taxpayer's employee's testimony that he had no knowledge of past internal mail handling delays, and his description of the taxpayer's internal mail handling system supports an inference that the notices were forwarded to him on the days the taxpayer received them. Because he testified that they were on his desk on October 21 and October 23, the board could infer that the taxpayer received them on those dates. The witness's credibility rests with the board. See *Starks* v. *Director of the Div. of Employment Sec.*, 391 Mass. 640, 643 (1984).

In sum, the board's findings that the notices were received on October 21 and October 23 are supported by substantial evidence. Because these notices should have been received by, and not merely sent by, October 18, the taxpayer was not timely notified in accordance with c. 59, § 63. This case is remanded to the board for a determination whether the taxpayer's failure to file appeals under c. 59, § 65, was the result of an "accident or mistake," and for a further determination

whether the taxpayer's petition to file late appeals should be allowed.

*So ordered.*