ALFRED NEWMAN *vs.* LOIS E. BRENNAN. No. 88-P-404. March 8, 1989. *District Court,* Appeal to Superior Court. *Practice, Civil,* Removal of case to Superior Court, Notice of judgment. *Notice,* Of judgment.

The essential facts are undisputed. Following a trial in a District Court on March 17, 1987, judgment entered on April 6, 1987, against the plaintiff on the defendant's counterclaim. Notice of the judgment arrived from the clerk's office at the office of the defendant's counsel on April 8, 1987. The plaintiff's counsel was absent from his office from April 6, 1987, through April 14, 1987, due to a disabling back injury. While he was absent, the notice arrived at the law firm with which he practiced, DeCoulos & Spitzer, and was opened by an employee. The notice was received prior to April 14, 1987.

The plaintiff's counsel first saw the notice of judgment on April 15, 1987, and on April 24, 1987, he filed a notice of "appeal" to the Superior Court, a motion for late filing and a supporting affidavit. A District Court judge allowed the motion to file a "late appeal" and reported the ruling to the Appellate Division. The Appellate Division vacated the order and directed the denial of the motion. The only question presented in this appeal is whether the plaintiff's request for retrial in the Superior Court was timely filed. See *Coen Marine Equip., Inc.* v. *Kurker*, 392 Mass. 597, 602-603 (1984).

In the circumstances presented by this case, G. L. c. 231, § 104, as amended through St. 1986, c. 278, § 2, provided that a party seeking a retrial in the Superior Court must file "an entry fee . . . and bond within ten days after notice of the decision or finding [of the District Court]." [1] It has long been established that notice is given, in the absence of an express contrary provision, when it is received by the person to whom it is directed. See *Boston Gas Co.* v. *Assessors of Boston*, 402 Mass. 346, 348 (1988). The Appellate Division recognized that principle. If then, the plaintiff's counsel did not receive, or is not charged with receiving, the notice until April 15, 1987, when he first learned of it, his request of April 24, 1987, for retrial was timely. The plaintiff argues that the case is controlled in all aspects by *Sweeney* v. *Morey & Co.*, 279 Mass. 495 (1932). Here, as in *Sweeney*, the plaintiff says, counsel was legitimately absent from his office and there was no suggestion of lack of diligence on his part.

The plaintiff misstates the facts of *Sweeney*. In that case, the attorney apparently practiced alone and there was no evidence that the person who received the court's notice was an employee of the attorney. In those circumstances, the court said, "It cannot be presumed . . . that the notice was delivered to one authorized to receive it in behalf of the attorney with all the implications thereby involved." 279 Mass. at 502.

Here, the plaintiff's attorney practiced with a law firm. The plaintiff appears to concede in his brief that the firm was a partnership. The Appellate Division proceeded on that assumption. The notice of judgment was received and opened by an employee. In these circumstances, we think it fair to presume that the notice was delivered to one authorized to receive it in behalf of the plaintiff's attorney. The plaintiff has made no contrary showing.

---

[1] The clerk of court refused to accept the required bond and removal fee. In these circumstances, we treat, as did the Appellate Division, the plaintiff's notice of "appeal" and motion for late filing as a proper request for retrial sufficient to raise the issue of timeliness.

General Laws c. 231, § 104, was amended by St. 1987, c. 251, § 2, so as to extend the filing period to thirty days.

His attorney is, therefore, charged with receiving notice prior to April 14, 1987, and his April 24, 1987, request for retrial was untimely.[2]

*Order of Appellate Division affirmed.*

*John A. Christopher* for the plaintiff.
*James R. Wheeler, Jr.,* for the defendant.

---

[2] We note that even if the notice of judgment had arrived at the plaintiff's attorney's office on April 8, 1987 (the same day a notice arrived at the defendant's attorney's office), he still had three days after April 15, 1987, in which to file a timely request for retrial. See *Assessors of Salem* v. *State Tax Commn.*, 371 Mass. 410, 412 (1976).