Merrick, P.J.
This is a Dist./Mun. Cts. R. A. D. A., Rule 8A, appeal by the plaintiffs of the denial of their motion to prevent the retransfer of this action to the Superior Court pursuant to G.L.c. 231, §102C. The sole question raised is whether the defendant filed his request for retransfer within the time prescribed by the statute.
This motor vehicle tort action was commenced in the Superior Court Department, and transferred for trial to the Lawrence Division of the District Court Department. Judgment was entered for the plaintiffs on November 4, 1998, and notice of that judgment was mailed by the trial court clerk to the parties on the same date. Defendant’s counsel filed a G.L.c. 231, §102C request for retransfer of the action on November 19, 1998. The plaintiffs immediately filed a “Motion to Prevent Transfer to Superior Court” on the grounds that the statutory ten day period for retransfer had expired prior to the defendant’s filing of his §102C request. In opposition to the plaintiffs’ motion, defendant’s counsel submitted the affidavit of his secretary which recited that notice of judgment had been received in counsel’s office on Monday, November 9,1998. After hearing, the court denied the plaintiffs’ motion to prevent retransfer.
Section 102C of G.L.C. 231 affords a party aggrieved by a District Court finding or decision in a transferred action the right to retransfer the case for determination by *140 the Superior Court The statute provides, in pertinent part, that “[t]he request for retransfer ... shall be filed with the clerk of said district court within ten days after notice of the decision or finding [emphasis supplied].” The dispositive issue on this appeal is whether the ten day period in question begins to run on the date notice of judgment is mailed by the clerk or the date it is received by the parties. While both parties have offered §102C cases which appear to proceed from one of those assumptions or the other, none of the cases squarely addresses the §102C issue at bar.
Section 104 of G.L.c. 231, which governs “removal” to the Superior Court of cases commenced in the District Court, mandates that a request for post trial removal be filed “within thirty days after notice of the decision or finding [emphasis supplied]” of the District Court. We have ruled that under the language of §104, identical in pertinent respects to that of §102C, the time for filing the removal request runs from receipt of the notice of decision. Newman v. Brennan, 1988 Mass. App. Div. 36, 37, aff’d 27 Mass. App. Ct. 1104 (1989); Perlman v. Kornitsky, 1981 Mass. App. Div. 5, 6; Purcell v. Dutch Enterprises, Mass. App. Div. Adv. Sh. (1978) 214, 216. See also Johnson v. Danny’s Auto Body, Inc., 1984 Mass. App. Div. 83, 84. As the Appeals Court observed in affirming Newman v. Brennan:
It has long been established that notice is given, in the absence of an express contrary provision, when it is received by the person to whom it is directed, [citation omitted]. The Appellate Division recognized that principle.
Id., 27 Mass. App. Ct. at 1105.
As the defendant’s G.L.c. 231, §102C request was timely filed within ten days after receipt of notice of the trial court’s judgment, the judge correctly denied the plaintiffs’ motion to prevent retransfer.
Accordingly, the action is returned to the Lawrence Division for immediate transfer to the Superior Court Department.
So ordered.