Greco, J.
This is a Dist./Mun. Cts. R. A D. A., Rule 5, report by the trial judge of his interlocutory ruling denying the defendants’ motion for summary judgment. G.L.c. 231, §108. See generally Price-Hanson v. Pare, 1997 Mass. App. Div. 101, 102; Goldman v. Peterson, 1997 Mass. App. Div. 189 n.2.
The defendants’ motion sought summary judgment on the ground that the plaintiff’s action was barred by the three-year statute of limitations applicable to tort actions (G.L.c. 260, §2A). The report brings before us the interplay between statutes of limitations and the statute establishing the one-trial system for civil cases in Norfolk and Middlesex Counties, Chapter 358 of the Acts of 1996. This action was timely filed in the Superior Court where it was dismissed for failure to satisfy the Chapter 358 jurisdictional amount for cases in that court. By the time the action was refiled in the District Court, the three-year limitations period had expired. The dispositive issue for the defendants’ Rule 56 motion is whether the action was saved by the thirty-day grace period provided in Section 7 of Chapter 358. Resolution of that issue turns on the more specific question of whether that thirty-day grace period commenced on the day the Superior Court dismissed the case and issued notice of the same or on the day the plaintiff received notice of the dismissal.
The facts are not in dispute. The plaintiff filed her complaint in the Superior Court on September 16, 1998, one day before the statute of limitations expired. After hearing, by order dated November 4, 1998, a judge of the Superior Court found that there was no reasonable likelihood that recovery by the plaintiff would exceed $25,000.00 and, accordingly, dismissed the action without prejudice. Thirty-five days later, on December 9, 1998, the plaintiff refiled her complaint in the Cambridge District Court. In his affidavit in opposition to the defendants’ summary judgment motion, the plaintiff’s attorney stated that he did not receive the Superior Court’s notice of dismissal until November 9, 1998. The District Court complaint was filed thirty days after receipt of the dismissal notice.
As we noted in Brossi v. Fisher, 1999 Mass. App. Div. 99,
Chapter 358 [of the Acts of 1996] created a temporary, statutory experiment in Middlesex and Norfolk Counties under which civil cases, formerly subject to the transfer system, are entitled to a single trial in either the Superior or District Court depending on the reasonable likelihood that damages will exceed or be less than a jurisdictional dollar amount Based on such amount cases previously subject to removal and transfer remain within the original and exclusive jurisdiction of either the District or Superior Court.
*270 Id. at 101. When a complaint is filed in the Superior Court within the applicable statutory limitations period and is then dismissed by that court for failure to satisfy the jurisdictional amount, the plaintiff is “given thirty days after the date of the notice of dismissal” under Section 7 of Chapter 358 to refile file matter in the District Court. This thirty-day grace period specifically applies only in those cases in which the statute of limitations would expire between the Superior Court commencement of the action and the end of the thirty-day period for refiling in the District Court The controversy on this appeal is based on two different interpretations of the phrase “after the date of the notice of dismissal.” The defendant contends that the thirty-day period commenced on November 4,1999, the date the notice of dismissal was issued by the Superior Court and that the plaintiff’s December 9,1999 filing in the District Court was thus too late. Conversely, the plaintiff argues that the thirty-day period began on November 10, 1999, the first day after counsel’s November 9, 1999 receipt of the notice, and that the December 9,1999 District Court refiling was timely.
The issue of whether a time period is measured from the day the court acted or from the day a party learned of that action has been frequently litigated in a wide variety of contexts. Based upon our review of those cases, we conclude that this action was timely filed in the District Court While it would be much clearer if Section 7 stated that the thirty days ran from the actual receipt by the plaintiff of the notice of dismissal, such explicit language is not required to bring about that result See Reber v. Beaulieu, 1999 Mass. App. Div. 139, 140 and cases cited. Indeed, it is when the opposite result is intended that the applicable language must be explicit. “It has long been established that notice is given, in the absence of an express contrary provision, when it is received by the person to whom it is directed.” Newman v. Brennan, 27 Mass. App. Ct. 1104, 1105 (1989). See also Boston Gas Co. v. Board of Assessors of Boston, 402 Mass. 346, 348 (1988). With respect to Section 7, not only is there the absence of any contrary provision, but also the language of the provision points in the other direction. Use of the term “notice,” particularly where it follows the preposition “after,” is generally deemed the equivalent of “receipt of notice.” See Committee for Public Counsel Services v. Lookner, 47 Mass. App. Ct. 833, 836 (1999).
Moreover, when a statute is not explicit, as in the instant case, a court must examine the nature and purpose of the required notice. See Sweeney v. Morey & Co., 279 Mass. 495, 499-501 (1932). Where notice from a court is designed to give a party “information in order that he may determine how to act,” as, e.g., in deciding to seek a rehearing or some form of review, the notice must “be personal” or its contents “actually conveyed.” Id. at 499-500. In Board of Assessors of Salem v. State Tax Commission, 371 Mass. 410 (1976), the relevant statute provided that a board of assessors could seek a correction from the State Tax Commission “within ten days after the date of notice.” See G.L.C. 58, §14. The Supreme Judicial Court concluded that the ten-day period ran from the date the notice of the Commission’s decision was received, stating that “this was a necessary interpretation since the purpose of the notice period was to give the party affected sufficient time and information to allow due consideration of a future course of action.” Id. at 412. The same result is required here in a context where the stakes are appreciably higher. The plaintiff needed the information contained in the Superior Court’s dismissal notice so that she could take timely action to avoid the bar of the statute of limitations.
Accordingly, as the plaintiff’s District Court complaint was timely filed under Section 7 of Chapter 358, the trial court properly denied the defendants’ motion for summary judgment. Order affirmed.
So ordered.