HELEN BUSSELL *vs.* PUTNAM FURNITURE OUTLETS & another.[1] No. 01-P-1034. June 27, 2003. *Practice, Civil,* Appeal, Notice of appeal.

The plaintiff's complaint, generally concerning an allegedly defective mattress and foundation purchased for $442, was dismissed without prejudice on April 12, 2001, for failure to satisfy the Superior Court's $25,000 jurisdictional minimum. See St. 1996, c. 358, § 5.[2] The plaintiff then had the option of appealing the dismissal to a single justice of the Appeals Court, within seven days, pursuant to § 6 of c. 358, or simply recommencing the action in the court with appropriate jurisdiction (the District Court) as permitted by § 7 of c. 358. Instead, the plaintiff filed a motion for reconsideration in the Superior Court on May 11, 2001. In that motion, she claimed to have received notice of the dismissal on May 10, 2001. The motion was denied on May 17, 2001. On June 5, 2001, the plaintiff filed a notice of appeal, purportedly appealing the "above-captioned case."

---

[1]World Sleep Products, Inc.

[2]Statute 1996, c. 358, §§ 1 et seq., created a "one trial system" for civil cases in Norfolk and Middlesex Counties (later expanded to additional counties by St. 2000, c. 142, and St. 2002, c. 70) replacing the former "remand and removal system." See generally Perlin & Connors, Civil Procedure in the Massachusetts District Court §§ 12A.1 et seq. (Supp. 2001). The statute vests exclusive jurisdiction in the District Court for civil claims when there is no reasonable likelihood that the plaintiff's recovery will exceed $25,000, and exclusive jurisdiction in the Superior Court for claims reasonably likely to exceed $25,000. St. 1996, c. 358, § 4. See *ROPT Ltd. Partnership* v. *Katin,* 431 Mass. 601, 603 (2000). If it appears to the court in which the complaint is filed that there is no reasonable likelihood that the estimated damages will be consistent with the jurisdictional limits of the court, the court may dismiss the case, without prejudice, for want of jurisdiction. St. 1996, c. 358, § 5.

The plaintiff's exclusive appellate remedy was by appeal, within seven days of notice of the dismissal, to the single justice. St. 1996, c. 358, § 6. As she admits receiving notice no later than May 10, 2001, her notice of appeal, filed on June 5, 2001, is untimely. Even if the motion to reconsider tolled the seven-day appeal period, cf. *Ben* v. *Schultz*, 47 Mass. App. Ct. 808, 810-814 (1999), an issue we need not consider, the notice, filed nineteen days after the motion was denied, was still untimely. As the appellant's exclusive appellate remedy was to the single justice, the appeal is not properly before us and must be dismissed. See *Graves* v. *Hutchinson,* 39 Mass. App. Ct. 634, 645 (1996).

*Appeal dismissed.*

The case was submitted on briefs.

*Andrea J. Darling* for Putnam Furniture Outlets.

*Helen Bussell*, pro se.