Brant, J.
This is an appeal of the dismissal of a motor vehicle tort claim originally commenced in the Superior Court on September 27, 2002. A Superior Court judge dismissed the action under the one-trial statute provisions then in effect on the grounds that the District Court had exclusive jurisdiction over the case because there was no reasonable likelihood that any recovery by the plaintiff would exceed $25,000.00. St. 1996, c. 358, §5.[1] Cavanaugh v. Athena Equip. & Supply Co., 2000 Mass. App. Div. 254, 255.
The Superior Court ordered the dismissal on October 22, 2002, and the Superior Court case docket indicates that copies of the dismissal order were mailed to the parties on that date. A judgment of dismissal was entered by the Superior Court on December 23,2002.
Under the procedure then in effect, the plaintiff had thirty days from the date of the dismissal to enter the case in the District Court. St. 1996, c. 358, §7.[2] He did not do so. Instead, on July 24, 2003, the plaintiff filed a Request for Default and a Request for a Hearing on the Assessment of Damages in the Superior Court. The motions were returned to the plaintiff because the case had been dismissed. Finally, on December 12, 2003, the plaintiff filed the case in the District Court. Upon motion by the defendant and after an extensive hearing, a District Court judge dismissed the case because it had not been timely filed. The plaintiffs motion for reconsideration of that ruling was also denied, and this appeal followed.
1. The plaintiff presents two arguments in support of his appeal. First, he contends that the language of G.L.c. 260, §32 permitted him to refile this action in the District Court. Section 32 provides, in pertinent part, that “ [i]f an action ... is dismissed ... for any matter of form... the plaintiff... may commence a new action for the same cause within one year after the dismissal....”
*165 The plaintiffs contention flies in the face of the following, unambiguous language in the one-trial statute: “Notwithstanding the provisions of chapter two hundred and sixty of the General Laws, or any other applicable statutes of limitation,... the plaintiff shall be given thirty days after the date of the notice of dismissal... to file the case in the appropriate court[.]” St. 1996, c. 358, §7.[3] Thus, the specific language of the statute makes G.L.c. 260, §32 inapplicable in this case. Moreover, G.L.c. 260, §19 provides that a special statute of limitations will govern over the general statutes in that chapter. Maltz v. Smith Barney, Inc., 427 Mass. 560, 563 (1998).
It is clear that the plaintiff was required to file his action in the District Court within thirty days after dismissal by the Superior Court. Melo v. General Elec. Capital Auto Lease, Inc., 1999 Mass. App. Div. 269, 270.[4]
2. The plaintiff also contends that his delay in filing the case in the District Court was justified because he was not notified of the Superior Court’s dismissal. The Superior Court docket states that notice of the dismissal was mailed to the parties on October 22, 2002. Moreover, even upon a generous view of the plaintiff’s action, he was dilatory. The Superior Court entered a judgment of dismissal on December 23, 2002. The plaintiff did not request the entry of a default or an assessment hearing until July 24, 2003. Even when those motions were returned to him by the Superior Court because the action had been dismissed, the plaintiff still delayed for almost five months, until December 12,2003, before filing the case in the District Court. Such filing more than a year after Superior Court dismissal of the case clearly failed to satisfy the 30-day requirement of St. 1996, c. 358, §7.
The District Court’s judgment of dismissal is affirmed.
So ordered.

 The one-trial system, in effect in 2002 in only certain counties, now applies statewide. Under the current statute, the Superior Court may, but is not required to, dismiss a case if the expected damages are less than $25,000.00. G.L.c. 212, §3A, added by St. 2004, c. 252, §3. See generally Bussell v. Putnam Furniture Outlets, 58 Mass. App. Ct. 914 (2003).

 The provision is now codified at G.L.c. 212, §3A(d).

 That language is now codified in G.Lc. 212, §3A(d), added by St. 2004, c. 252, §3.

 The failure to file in the District Court in compliance with the one-trial statute was significant because the plaintiff’s December 12,2003 District Court filing was beyond the general statute of limitations period.