Greco, P.J.
The defendant, Ari Loren (“Loren”), has appealed the denial of his motion to vacate a default judgment entered against him.
On May 21, 2009, Mass Integrated Systems, Inc. (“Mass Integrated”) filed a complaint against Cl Lumen Industries (“Cl Lumen”), a Delaware limited liability company, and Loren as an individual in his capacity as Chief Executive Officer of Cl Lumen. *245 The complaint contained two counts, one on an “Account Annexed,” and the other for “Goods Sold and Delivered.” More specifically, Mass Integrated alleged that Cl Lumen ordered and agreed to pay for electronic components in the amount of $60,925.00. After paying $10,000.00 and after being given a credit of $4,500.00, Cl Lumen “claimed an inability to pay the balance of $46,425.00. Mass Integrated further alleged that Loren “had actual knowledge” of this inability to pay at the time the goods were ordered. While Mass Integrated argues in its brief that lain officer of a corporation can be held liable for its tortious acts,” its complaint contains no count sounding in tort. After service had been made on Cl Lumen (through the Secretary of State) and on Loren (in hand), neither defendant filed an answer. Consequently, default judgments entered against both defendants on December 7,2009 in the amount of $49,904.79.
Even though judgment had entered fifty-nine days earlier, Loren filed a motion on February 4, 2010 to remove the default and for leave to file a late answer pursuant to Mass. R. Civ. R, Rule 55(a) on the ground that “the default entered as a result of his inadvertence and excusable neglect.” In his memorandum in support of his motion to remove the default, Loren argued that he had “viable defenses” to the complaint in that he did not “induce” Mass Integrated to send the goods, that this was a corporate debt that he had not guaranteed, and that the District Court had no jurisdiction over this matter in view of the amount of the damages sought. Loren also represented that he “failed to answer timely ... due to his belief that he had convinced [Mass Integrated's] counsel that he had no personal responsibility for this debt.” After a hearing in the trial court, Loren’s motion was denied on February 18, 2010, and this appeal followed.
The appropriate vehicle for relief from a default judgment is a motion pursuant to Mass. R. Civ. E, Rule 60(b). Rule 55(c) specifically provides that “[f]or good cause shown the court may set aside an entry of default and, if a judgment has been entered, may likewise set it aside in accordance with Rule 60(b).” The distinction between the two rules “must be carefully observed in light of the considerable authority imposing the more stringent standards of... [Rule] 60(b)... for setting aside a default judgment, as contrasted with the more lenient, ‘good cause’ standard of... [Rule] 55(c)... for setting aside a simple default.” MFV, Inc. v. Department of Revenue, 26 Mass. App. Ct. 932, 932-933 (1988). In this case, Loren in effect sought relief under Rule 60(b) (1) on the ground that the judgment entered through “mistake, inadvertence, surprise, or excusable neglect.” In this regard, the Reporters’ Notes to Mass. R. Civ. P., Rule 60(b) (1) state that “[i]t seems clear that relief will be granted only if the party seeking relief demonstrates that the mistake, misunderstanding, or neglect was excusable and was not due to his own carelessness. The party seeking the relief bears the burden of justifying failure to avoid the mistake or inadvertence. The reasons must be substantial” (citation omitted). See Owens v. Mukendi, 448 Mass. 66 (2006), in which the Supreme Judicial Court found that Rule 60(b) (1) did not apply, stating that “[i]t was not mistake, inadvertence, surprise, or excusable neglect... that led to the entry of judgment.... Rather, it was [the defendants] belief in the repeated representations of the plaintiff, [his] business partner and lawyer, that he need not defend the case and would not be pursued for payment of the judgment, that led to its entry.” Id. at 73. Cf. Tai v. City of Boston, 45 Mass. App. Ct. 220 (1998), where the Appeals Court stated that “the city’s neglect might have been excusable if, for example, it had reason to think the case had been settled.” Id. at 223.
*246 The “trial judge is in the best position to balance the competing claims of fairness to the litigants and case-flow efficiency presented by” a motion under Rule 60(b) (1), Scannell v. Ed Ferreirinha & Irmao, Lda., 401 Mass. 155, 158 (1987), and “a judge’s decision will not be overturned, except upon a showing of a clear abuse of discretion.” Id. “A judgment ‘characterized by arbitrary determination, capricious disposition, whimsical thinking, or idiosyncratic choice’ is an abuse of discretion.” Eagle Fund, Ltd. v. Sarkans, 63 Mass. App. Ct. 79, 85 (2005), quoting Greenleaf v. Massachusetts Bay Transp. Auth., 22 Mass. App. Ct. 426, 429 (1986). It is in the context of these general principles that the familiar factors set out in Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426 (1979), must be applied, i.e., how promptly the motion to vacate was filed, whether Loren has a meritorious defense to this lawsuit, whether his neglect occurred before trial, “whether the neglect was the product of a consciously chosen course of conduct on the part of counsel,” whether Mass Integrated was prejudiced, and whether Loren, as opposed to his lawyer, was at fault.[2] Id. at 430-431.
The application of these factors to this case presents a very mixed result. There is a significant amount of money at stake here, but with little to support Mass Integrated’s claim that Loren should be personally liable for this corporate debt. Mass Integrated appears to be saying that Loren committed a tort, although its complaint presents a garden-variety contract claim. On the other hand, Loren’s claim that this case could not have been heard in a District Court is clearly without merit. See Sperounes v. Farese, 449 Mass. 800, 805-806 (2007) (“Under the 2004 legislative scheme, G.L.c. 218, §19A, explicitly provides that the $25,000 limit is not jurisdictional. ... [T]he statutory requirement is procedural, ... an objection to whether that requirement has been satisfied must be raised by the defendant, at a minimum, in his answer, and ... the failure to raise an objection in a timely manner results in its waiver.”). While, arguably, an inordinate amount of time had not elapsed from the date Loren was served (August 20, 2009), through the dates of the default (November 5, 2009) and the entering of the default judgment (December 7, 2009), to the filing of the motion to vacate (February 4, 2010), the trial judge could well have concluded that Loren had not acted promptly. Moreover, there was evidence to support Mass Integrated’s claim that Loren had made efforts to evade service, and that in September of 2009, Mass Integrated had agreed with Loren’s then counsel to give Loren time to file his answer. There was no indication that Loren’s subsequent failure to take advantage of this offer was the fault of that lawyer. In these circumstances, Loren has no one to blame but himself for losing the opportunity to defend what may have been a weak case. We cannot say that the trial judge abused his discretion in denying the motion to vacate the default judgment.
Accordingly, the denial of Loren’s motion to vacate the default judgment is affirmed.
So ordered.

 See also Clamp-All Corp. v. Foresta, 53 Mass. App. Ct. 795 (2002), in which the Appeals Court stated that “a party must show both a good reason to remove the default and also the existence of meritorious claims or defenses” (emphasis supplied). Id at 806.