Per Curiam.
Plaintiff Joseph M. Tortorelli (‘Tortorelli”) has appealed the dismissal of this action on limitations grounds and the denial of his motion for reconsideration and to vacate that dismissal. There was no error.
Tortorelli and defendant Daniel L. O’Callaghan (“O’Callaghan”) were involved in a motor vehicle accident on May 20, 2006. On October 25, 2007, Tortorelli commenced an automobile tort action against O’Callaghan in the Superior Court Department. On January 25,2010, the Superior Court dismissed the action pursuant to G.L.c. 212, §3, which grants to the Superior Court “original jurisdiction of civil actions for money damages,” but permits such actions to proceed in the Superior Court “only if there is no reasonable likelihood that recovery by the plaintiff will be less than or equal to $25,000.” Upon dismissal by the Superior Court, Tortorelli had thirty days to refile his action in the District Court Department as mandated by G.Lc. 212, §3A(d). That statute provides:
Notwithstanding chapter 260 or any other applicable statutes of limitations, in a civil action under this section in which a plaintiff’s case has been dismissed as provided in this section, the plaintiff shall be given 30 days after the date of receipt of the notice of dismissal... to file the case in the appropriate court; if, the commencement of the dismissed case was within the applicable statute of limitations. The 30-day time limit in this section for recommencement of an action following dismissal of the action shall apply only when the time permitted under the applicable statute of limitations would have expired at any time from the original commencement of the action to the end of the 30-day period.
Tortorelli refiled this action in the Worcester District Court on June 23, 2010, nearly five months after the Superior Court dismissal. O’Callaghan moved to dismiss the action on the ground thatTortorelli’s refiling was beyond the expiration of both the thirty-day time limit mandated by G.L.c. 212, §3A(d) and the three-year statute *195 of limitations for tort claims prescribed by G.Lc. 260, §2A. After a hearing, the trial court allowed O’Callaghan’s motion, and a judgment of dismissal was entered on October 12,2010. Tortorelli’s motion for reconsideration and to vacate the judgment was denied on November 9,2010. This appeal by Tortorelli followed.
1. Tortorelli’s principal argument on appeal is patently erroneous based on the unambiguous language of G.L.c. 212, §3A(d). Tortorelli contends that the trial court erred in applying the thirty-day mandate of §3A(d) because the saving provision of G.Lc. 260, §32 permitted his refiling of this action within one year of the Superior Court dismissal. However, §3A(d) clearly and specifically states: “Notwithstanding chapter 260 or any other applicable statutes of limitations....” That language renders G.Lc. 260, §32[2] inapplicable to §3A(d) and, thus, inapplicable to this case. Velardi v. Givens, 2005 Mass. App. Div. 164, 164-165. As this action was refiled by Tortorelli beyond the thirty-day limit imposed by §3A(d), the action was properly dismissed by the trial court.
2. Tortorelli also states that G.L.c. 212, §3A violates both the United States and the Massachusetts Constitutions. But nothing in the record created in the trial court or in Tortorelli’s scant, conclusory assertions in his appellate brief would warrant a departure from customary appellate review that excludes any consideration of, or decision on, constitutional questions “unless they must necessarily be reached.”[3] Alliance to Protect Nantucket Sound, Inc. v. Department of Pub. Utils., 461 Mass. 166, 172 (2011), quoting Commonwealth v. Paasche, 391 Mass. 18, 21 (1984). See also Lockhart v. Attorney Gen., 390 Mass. 780, 784 (1984).
It is elementary that a “statute must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional but also grave doubts upon that score.” Globe Newspaper Co. v. Superior Court, 379 Mass. 846, 853 (1980), quoting United States v. Jin Fuey Moy, 241 U.S. 394, 401 (1916). It was, thus, Tortorelli’s bur *196 den to demonstrate beyond doubt that there are no “conceivable grounds” that would support the constitutional validity of G.L.c. 212, §3A(d). Leibovich v. Antonellis, 410 Mass. 568, 576 (1991). See also Klein v. Catalano, 368 Mass. 701, 706-707 (1982). Nothing in Tortorelli’s brief satisfies that burden, or even rises to the level of acceptable appellate argument. Tortorelli’s contentions are, therefore, waived. See Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011); Milton v. Commissioner of Correction, 67 Mass. App. Ct. 253, 257 n.5 (2006); Ready, petitioner, 63 Mass. App. Ct. 171, 180 (2005).
3. Finally, in a single sentence at the conclusion of his brief, Tortorelli simply states that because his failure to comply with the §3A(d) thirty-day time requirement was attributable to his attorney, that failure constituted a mistake or excusable neglect entitling him to Mass. R. Civ. E, Rule 60(b) (1) relief from the judgment of dismissal. It is sufficient to note that there is nothing in the record or in Tortorelli’s brief to explain or justify his noncompliance with G.L.c. 212, §3A(d). The fact that it was his attorney’s action does not automatically satisfy Tortorelli’s “considerable burden” under Rule 60(b) of demonstrating that any mistake or neglect here was excusable and not due to simple carelessness. Garth v. M/A-COM, Inc., 440 Mass. 482, 497 (2003). “The concept of excusable neglect does not embrace a flat mistake of counsel about the meaning of a statute or rule....” Andre v. Safety Ins. Co., 2003 Mass. App. Div. 150, 152, quoting Goldstein v. Barron, 388 Mass. 181, 186 (1980).
Accordingly, there was no error in the denial of the plaintiff’s motion to vacate dismissal of this action and for reconsideration. Judgment of dismissal affirmed.
So ordered.

 Section 32 of G.Lc. 260 provides, in relevant part, “If an action duly commenced within the time limited in this chapter is dismissed for... any matter of form,... the plaintiff... may commence a new action for the same cause within one year after the dismissal... of the original action....”

 Tortorelli’s “argument” based on the Massachusetts Constitution consists in its entirety of two sentences, devoid of legal authority or analysis, in which he simply states that the thirty-day limit of G.L.c. 212, §3A violates his rights to a jury trial and to “prompt” justice. The statutory time period has, of course, no impact of any Mnd on jury trial rights, and, logically, would work to promote, rather than impede, prompt justice. Tortorelli also states, again without legal authority or analysis, that under the United States Constitution, thirty days is too short a time period to refile a lawsuit, and is not rationally related to any legitimate governmental purpose. As a matter of common sense, thirty days is more than enough time to refile an action, that is, to change the caption on an existing complaint and deliver it to the appropriate court. Further, G.Lc. 212, §3Awas part of the Legislature’s response to what had become the “growing inefficiencies of the ‘transfer system’ of removal, remand and appeal of civil cases between the District and Superior Courts.” Brossi v. Fisher, 1999 Mass. App. Div. 99,101. A thirty-day time period to move a case improperly filed in the Superior Court to the District Court can be seen as a rational component of the civil one-trial system consistent with efficient, expeditious adjudication of cases in the trial courts.