Singh, J.
Plaintiff Malden Redevelopment Authority (“MRA”) brought this action for breach of contract after defendant Carine Cetoute (“Cetoute”) defaulted on payments under a promissory note. As Cetoute failed to answer the complaint, a default judgment was entered. Cetoute has appealed the trial court’s denial of her motion to vacate that judgment. Because we find no abuse of discretion, we affirm.
In January, 2009, Cetoute obtained a loan in the amount of $23,650.00 from the MRA to make improvements to her two-family house. In connection with the loan, Cetoute signed a promissory note, agreeing to repay the loan with interest by paying monthly installments beginning March, 2009. The MRA received payments from Cetoute from March, 2009 through April, 2010. According to Cetoute, she stopped making payments on the note because her roof was leaking, an issue she attributed to the MRA, which had selected the contractor who did the roofing work. Although the MRA sent another contractor to repair the roof, Cetoute maintained that the roof continued to leak. She did not resume payments on the promissory note.
By letter of November 15, 2010, the MRA notified Cetoute that she was seven months in arrears on her payments and requested that she bring her account current within ten days or risk further action. By letter of November 29,2010, the MRA, through counsel, demanded that Cetoute pay the past due amount within ten days or risk legal action. By letter of January 19,2011, the MRA made formal demand of the entire unpaid balance on the promissory note, pursuant to the terms of the note.
On May 16,2011, the MRA filed this suit, seeking the unpaid balance on the promissory note. Cetoute was served with a verified complaint on May 23, 2011; however, she failed to file a responsive pleading within twenty days as required by Mass. R. Civ. P., Rule 12(a)(1). Instead, she contacted the MRA and set up a meeting. According to Cetoute, she attended a meeting with two representatives of the MRA, including its legal counsel, and the parties agreed that the MRA would (1) look further into the roof leaking issue, and (2) accept reduced monthly payments on the promissory note. Cetoute provided a check for the reduced amount and a voided check to set up automatic payments thereafter. She considered the matter settled.
*100 On June 29,2011, the MRA requested entry of default, with notice to Cetoute, pursuant to Mass. R. Civ. R, Rule 55(a). A default was entered the following day. According to Cetoute, she did not realize until several months later that the MRA had failed to take the monthly payments on the note out of her account, as she had authorized it to do, and was later informed that the MRA did not set up such automatic payments.
On November 1, 2011, the MRA requested entry of a default judgment, with notice to Cetoute, pursuant to Mass. R. Civ. R, Rule 55 (b) (1). A default judgment was entered on November 9, 2011. Execution was issued on November 22, 2011. The MRA began supplementary process proceedings in March, 2012.
On April 25, 2012, Cetoute, through counsel, moved for relief from judgment pursuant to Mass. R. Civ. R, Rule 60(b) (1), and supported the motion by her own affidavit. Cetoute argued that her neglect to answer the complaint should be excused because she was acting pro se and, as someone who had never before been named as a defendant in a civil suit, was not aware of her obligation to file a written answer. Additionally, she argued that she reasonably believed that the lawsuit had been resolved due to the meeting she had with the MRA. Although Cetoute admitted to defaulting on the promissory note, she argued that the judgment should be vacated so that she could assert a counterclaim against the MRA for its role in selecting the contractor who failed properly to do the roofing work on her property.
The MRA opposed the motion and offered the affidavit of the individual who oversaw the repair work to Cetoute’s roof. Essentially, the affidavit stated that Cetoute complained about the roof leak in March, 2010 and that, after the 2010 repairs were done, Cetoute made no further complaints about the roof to the MRA. The MRA offered no affidavit concerning the meeting with Cetoute.[2] On September 11, 2012, after review of the parties’ written submissions, the trial court denied Cetoute’s motion to vacate the default judgment, finding that “there exists no excusable neglect on the part of Defendant, and further that there exists no meritorious defenses” (emphasis in original). Cetoute argues that the judge abused her discretion, misconstrued Cetoute’s argument, and applied the wrong legal standard.
Under Mass. R. Civ. R, Rule 60(b) (1), a party may move for relief from a final judgment on the basis of mistake, inadvertence, surprise, or excusable neglect. Hermanson v. Szafarowicz, 457 Mass. 39, 46 (2010); Johnny’s Oil Co. v. Eldayha, 82 *101 Mass. App. Ct. 705, 708 (2012); Floyd v. Owens, 2011 Mass. App. Div. 219, 221. The defendant “bears the considerable burden of showing that the mistake was indeed excusable, and not due simply to [her] own carelessness.” Gath v. M/A-COM, Inc., 440 Mass. 482, 497 (2003). See Shaev v. Alvord, 66 Mass. App. Ct. 910, 911 (2006); Tortorelli v. O’Callaghan, 2012 Mass. App. Div. 194, 196. Additionally, the defendant must show that she has a meritorious claim or defense, so that vacating the judgment would serve some useful purpose and would not simply be a futile gesture. See Mass Integrated Sys., Inc. v. CI Lumen Indus., LLC, 2010 Mass. App. Div. 244, 246 n.2, citing Clamp-All Corp. v. Foresta, 53 Mass. App. Ct. 795, 806 (2002). The motion must be brought within a reasonable time, but in no event beyond one year from entry of judgment. Mass. R. Civ. R, Rule 60 (b). Denial of a motion for relief from judgment is committed to the sound discretion of the trial judge, and it consequently will not be disturbed absent abuse of that discretion. See Hermanson, supra at 47-48; Johnny’s Oil Co., supra at 709; Floyd, supra at 221.
Cetoute argues that the trial judge abused her discretion in finding no excusable neglect and no meritorious defenses. As to excusable neglect, Cetoute contends that her failure to answer the complaint should have been excused where she was acting pro se and reasonably believed the matter to have been settled after the meeting with the MRA. It is well established, however, that pro se litigants are held to the same standard as other litigants. Rasheed v. Commonwealth, 440 Mass. 1027, 1028 (2003); George v. Town of South Hadley, No. 06-P-595 (Mass. App. Ct. March 7, 2007) (unpublished Rule 1:28 decision); Yetman v. Cavanagh, 2007 Mass. App. Div. 162, 162 n.1. Additionally, Cetoute was served with a summons that directed her to file and serve an answer within twenty days or risk default judgment. Although she claimed that she believed the matter to have been resolved at the meeting, she did not explain her inaction for six months after she learned that a default judgment had nevertheless been entered. On these facts, the trial judge was well within her discretion in finding no excusable neglect.[3] See Kiley v. Glynn, 2004 Mass. App. Div. 183, 184-185 (where pro se defendant failed to answer and then neglected to move for relief from default judgment until seven months later, court upheld finding of no excusable neglect and held that rules bind pro se litigants as they bind other litigants).
As to meritorious defenses, Cetoute acknowledges that she had no defense to the MRA’s breach of contract claim, but argues instead that she had a meritorious counterclaim against the MRA with respect to the allegedly negligent roofing work on her property. To the extent that her counterclaim had any merit, it was permissive and not compulsory. See Keystone Freight Corp. v. Bartlett Consol., Inc., 77 Mass. App. Ct. 304, 309-310 (2010). As the counterclaim could have been raised in an independent action, there was no need to vacate the existing judgment in order to have the merits of the counterclaim heard. See id.
*102 The trial judge’s findings of no excusable neglect and no meritorious defense were amply supported by the record. As such, we can discern no abuse of discretion.
The denial of the defendant’s motion for relief from judgment is affirmed.
So ordered.

 Rather, counsel for the MRA, who attended the meeting, made personal assertions of fact in her legal memorandum in opposition to Cetoute’s motion. (The MRA is represented by different counsel on appeal.) Such assertions are inappropriate in legal memoranda. See Loughlin v. Bleicken, No. 04-P-1652 (Mass. App. Ct. Feb. 1, 2006) (unpublished Rule 1:28 decision); Nieves v. Marraquin, 2009 Mass. App. Ct. 291, 295 (noting deficiency of attorney’s unsworn assertions on 60(b)(1) motion). Counsel seeking to establish facts through personal knowledge must do so through affidavit of counsel under penalties of perjury. Cf. Mass. R. Civ. R, Rule 11 (a) (signature of attorney on pleading constitutes certification that attorney has read pleading and that, to best of the attorney’s knowledge and belief, there is good ground to support it; violation of the rule subjects the attorney to disciplinary proceedings).

 Cetoute also argues that all of the factors cited in Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 430-431 (1979), for determining when relief should be granted for excusable neglect favor her position. However, there is no “right” to Rule 60(b) relief even if all Berube factors have been satisfied. See Nieves, supra at 294.