The plaintiffs, Paula Carnelli and Henry J. DuLaurence, III, appeal from a judgment that dismissed their complaint under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974) ( rule 12 [b] [6] ), claiming that the motion judge erred in dismissing their claims for violations of G. L. c. 93A (c. 93A), defamation, harassment, and retaliation under G. L. c. 186, § 18, and in declining to conduct a hearing and make a ruling on the plaintiffs' motions for sanctions. We affirm the judgment as to all claims, except the claims for retaliation under G. L. c. 186, § 18. As to those claims, the appeals are dismissed.[4]
Standard of review. We review the allowance of a rule 12 (b) (6) motion to dismiss de novo. See A.L. Prime Energy Consultant, Inc. v. Massachusetts Bay Transp. Auth., 479 Mass. 419, 424 (2018). We take all allegations as true, and draw reasonable inferences in the plaintiffs' favor. See Iannacchino v. Ford Motor Co., 451 Mass. 623, 625 n.7 (2008). "The ultimate inquiry is whether the plaintiffs alleged such facts, adequately detailed, so as to plausibly suggest an entitlement to relief." Greenleaf Arms Realty Trust I, LLC v. New Boston Fund, Inc., 81 Mass. App. Ct. 282, 288 (2012).
Background. "Given that this is an appeal from a motion to dismiss, we summarize the pertinent facts as set forth in the complaint and the exhibits attached thereto." Dartmouth v. Greater New Bedford Regional Vocational Tech. High Sch. Dist., 461 Mass. 366, 368 (2012). The plaintiffs lived together at an apartment complex owned by the defendant Bell at Salem Station (Bell), and managed by the defendant Tristan Roberts. In 2016, the plaintiffs filed formal complaints with the Salem Police Department and the board of health after Bell and Roberts failed to address purported violations of the State sanitary code and noise complaints in the apartment complex.[5] After one conversation between Roberts and DuLaurence regarding those issues, Roberts stated, "in front of others," that "although DuLaurence tells everyone he is a lawyer, he is lying, everyone knows he is not a lawyer." This statement "caused both plaintiffs stress and anxiety." The plaintiffs subsequently sent Bell a purported demand letter pursuant to c. 93A, contending that Bell illegally required tenants to purchase increased insurance coverage with a limit of $ 100,000 in order to renew their leases.
Discussion. 1. Chapter 93A. The plaintiffs argue that the judge erred in dismissing their c. 93A claims because their complaint sufficiently alleged that Bell engaged in "unfair and deceptive practices."[6] Chapter 93A, § 2 (a ), prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Pursuant to c. 93A, § 9 (1), "[a]ny person ... who has been injured by another person's" unfair or deceptive practices "may bring an action in the superior court ... for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper." To prevail on a c. 93A claim, the plaintiff must demonstrate a "causal connection between [the] deceptive act and [the] injury or loss." Hyannis Anglers Club, Inc. v. Harris Warren Commercial Kitchens, LLC, 91 Mass. App. Ct. 555, 560 (2017). A complaint must allege facts, rather than rely on conclusory recitations of the elements of a claim. See Polay v. McMahon, 468 Mass. 379, 388 (2014). Notably, "a mere breach of contract, without more, does not amount to a violation of G. L. c. 93A". Beverly v. Bass River Golf Mgt., Inc., 92 Mass. App. Ct. 595, 606 (2018).
Here, the judge properly dismissed the plaintiffs' c. 93A claims because their complaint did not sufficiently allege that they suffered damages because of Bell's alleged violations of the statute. See Hyannis Anglers Club, Inc., 91 Mass. App. Ct. at 560. Although the plaintiffs claimed that Bell violated c. 93A by "unjustifi[ably] refus[ing] to honor its contractual obligations" and requiring tenants to purchase additional insurance coverage, the plaintiffs did not allege any damages incurred as a result of Bell's conduct. See id. In particular, the plaintiffs' complaint fails to allege that they actually paid any additional sums for insurance coverage they allege was improperly demanded by Bell, nor does their complaint allege any amount of money damages incurred or claimed. Moreover, the plaintiffs' conclusory allegation that Bell violated its contract, without more, cannot sustain a c. 93A claim. See Polay, 468 Mass. at 388 ; Beverly, 92 Mass. App. Ct. at 606.
2. Defamation. The plaintiffs argue that the judge improperly dismissed their defamation claims because their complaint sufficiently alleged that Roberts made a statement about DuLaurence with a "reckless disregard of the truth." A defamation complaint "must allege facts indicating that (1) the defendant published a false statement regarding the plaintiff -- that is, the defendant communicated the statement concerning the plaintiff to a third party; (2) the statement could damage the plaintiff's reputation in the community; and (3) the statement caused economic loss or is otherwise actionable without proof of economic loss." Flagg v. AliMed, Inc., 466 Mass. 23, 37 (2013). Statements "that may prejudice the plaintiff's profession or business" are actionable without proof of economic loss. Ravnikar v. Bogojavlensky, 438 Mass. 627, 630 (2003). Defamation that could "prejudice the plaintiff's profession" includes assertions that "the plaintiff lacks a necessary characteristic of the profession," id. at 630-631, or statements that have "a devastating and continuing impact" on the plaintiff's professional relationships, Van Liew v. Eliopoulos, 92 Mass. App. Ct. 114, 129 (2017).
Here, the judge appropriately dismissed the plaintiffs' defamation claims where the plaintiffs failed to allege any loss or prejudice stemming from Roberts's statement. See Ravnikar, 438 Mass. at 630-631. The plaintiffs alleged that Roberts stated "in front of others ... [that] 'although DuLaurence tells everyone he is a lawyer, he is lying, everyone knows he is not a lawyer.' "[7] The complaint further alleged that Roberts made that statement "intentionally, recklessly, with malice, hatred, spite, ill will, and resentment to harass and bully" DuLaurence, and that the statement called DuLaurence's "professional reputation" and "veracity" into question, causing "both plaintiffs stress and anxiety." Although a statement questioning DuLaurence's legal qualifications could potentially have prejudiced his profession, the plaintiffs did not allege any continuing impact, contrast Van Liew, 92 Mass. App. Ct. at 129, suffered as a result of Roberts's statement, beyond generally alleging the statements caused them "stress and anxiety." Moreover, because Roberts's statement concerned DuLaurence's qualifications alone, Carnelli cannot claim damages. See Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), quoting New York Times Co. v. Sullivan, 376 U.S. 254, 288, 292 (1964) ("To succeed ... on an action for defamation, a plaintiff must ... show that the alleged defamatory statement published by the defendant was 'of and concerning' the plaintiff").
We agree with the motion judge that given the dearth of allegations about any claimed damages, "DuLaurence has failed to allege, beyond the type of labels and conclusions prohibited by Iannacchino, 451 Mass. at 636, that he suffered damages, special or general, as a result of the statement." Thus, the judge properly dismissed the plaintiffs' defamation claims. See Flagg, 466 Mass. at 37-38.
3. Harassment. The plaintiffs' complaint suggested that Bell "harass[ed]" them by sending them a cease and desist letter regarding DuLaurence's interactions with Bell's office staff. This vague and conclusory allegation, as the motion judge concluded, was insufficient to state a claim against the defendants. See Polay, 468 Mass. at 388. On appeal, the plaintiffs do not appear to argue that the cease and desist letter constituted harassment. Instead, they appear to assert that their harassment claims are supported by a letter that the motion judge stated was not part of the rule 12 (b) (6) motion. As that letter is not part of the record on appeal, we do not address it. See Currens v. Board of Assessors of Boston, 370 Mass. 249, 254 (1976) ("An appealing party may not by his brief attempt to place before an appellate court facts which are not stated or incorporated in the record on appeal").
4. Retaliation. The plaintiffs maintain that the judge erroneously dismissed their retaliation claims under G. L. c. 186, § 18 (c. 186 retaliation claims), because their complaint sufficiently alleged "reprisal" and "constructive eviction" by Bell following the plaintiffs' reports to the board of health of Salem. Because the plaintiffs filed their complaint in the Superior Court, their c. 186 retaliation claims are subject to G. L. c. 212, § 3, which states that an "action[ ] may proceed in the [Superior] [C]ourt only if there is no reasonable likelihood that recovery by the plaintiff will be less than or equal to $ 25,000." Consequently, "[i]f it appears to the court, from the statement of damages by the plaintiff that there is no reasonable likelihood that the estimated damages will be consistent with the civil money damage limits of the court, ... the judge, after receiving written responses from the parties and after a hearing, if requested by any party, may dismiss the case without prejudice for failure to comply with the requirements ... regarding the amount necessary for proceeding in the superior court." G. L. c. 212, § 3A (b ). If the judge dismisses a case in accordance with G. L. c. 212, § 3A (b ), the plaintiff's "exclusive appellate remedy [is] by appeal, within seven days of notice of the dismissal, to the single justice" of the Appeals Court. Bussell v. Putnam Furniture Outlets, 58 Mass. App. Ct. 914, 915 (2003). See G. L. c. 212, § 3A (c ).
Here, the motion judge concluded that the maximum amount that the plaintiffs could recover on their c. 186 retaliation claims was the value of "three month's rent," $ 8,190. Consequently, the judge dismissed those claims for failing to meet the monetary threshold required for actions brought in the Superior Court. See G. L. c. 212, §§ 3, 3A (b ). Following that dismissal, the plaintiffs' "exclusive appellate remedy" was an appeal to a single justice of our court within seven days of the notice of dismissal. Bussell, 58 Mass. App. Ct. at 915. See G. L. c. 212, § 3A (c ). The judgment which dismissed the plaintiffs' c. 186 retaliation claims entered on February 14, 2018. The plaintiffs did not appeal from the dismissal of those claims to a single justice of the Appeals Court, as required by G. L. c. 212, § 3A (c ). Because the plaintiffs' purported appeals from the judgment insofar as it dismissed their c. 186 retaliation claims are not properly before us, we must dismiss them.
5. Motions for sanctions. Finally, the plaintiffs argue that the judge erred in declining to hear their motions for sanctions concurrently with the defendants' motion to dismiss. We review a judge's decision regarding sanctions for an abuse of discretion, evaluating whether "the judge made 'a clear error of judgment in weighing' the factors relevant to the decision ... such that the decision falls outside the range of reasonable alternatives." Wong v. Luu, 472 Mass. 208, 220 (2015), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). A "judge may exercise the court's inherent power to impose sanctions for misconduct where the misconduct threatens the fair administration of justice and where the sanction is necessary to preserve the judge's authority to administer justice." Rental Prop. Mgt. Servs. v. Hatcher, 479 Mass. 542, 556 (2018). Nevertheless, a judge should "exercise restraint and discretion both in determining whether the rule of necessity permits the imposition of sanctions under a court's inherent powers and, where it does, in determining whether to impose a sanction in a particular case and the severity of the sanction." Wong, supra at 218.
Here, we have no doubt that the judge implicitly denied the plaintiffs' motions for sanctions by choosing neither to schedule the motions for hearing, nor to address the motions in his order allowing the motion to dismiss the complaint. Thus, the judge declined to hear or explicitly rule on those motions because he necessarily viewed them as meritless or moot.[8] We find no abuse of discretion. Avery v. Steele, 414 Mass. 450, 457 (1993) ("Court[s] ... have wide discretion to determine when a party or attorney before them has acted in a manner warranting the imposition of sanctions").
Conclusion. For the reasons stated, so much of the appeal challenging the dismissal of the plaintiffs' retaliation claims under G. L. c. 186, § 18, is dismissed. The remainder of the judgment is affirmed.[9]
So ordered.
Dismissed in part; affirmed in part.

The plaintiffs' complaint included claims for fraud and breach of contract, but nowhere in their brief do the plaintiffs challenge, or even mention, the judge's dismissal of those claims. The plaintiffs' general assertion in their brief that the judge erred in dismissing their complaint is insufficient to support an appeal on those claims. See Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011), quoting Zora v. State Ethics Comm'n, 415 Mass. 640, 642 n.3 (1993) ("Briefs that limit themselves to 'bald assertions of error' that 'lack[ ] legal argument ... [do not] rise[ ] to the level of appellate argument' required by [Mass. R. A. P.] 16"). Consequently, we deem these issues waived. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975); Sullivan v. Chief Justice for Admin. & Mgt. of the Trial Court, 448 Mass. 15, 36 (2006) ("We deem this claim waived as the plaintiffs have failed to address it in their brief before this court").
The plaintiffs' complaint also alleges retaliation under G. L. c. 239, § 2A. On appeal, it appears that the plaintiffs are not contesting the dismissal of their retaliation claims under that statute. Nevertheless, the judge properly dismissed those claims because the statute only applies as a defense to summary process actions. See G. L. c. 239, § 2A.

The plaintiffs alleged that there were noise violations, garbage left outside of two ground floor apartments, rodents, and a fire hazard that other tenants created by throwing lit cigarettes into mulch on the property.

The plaintiffs did not attach their purported c. 93A letter or their 2015-2016 lease with Bell to their complaint, but the judge considered both documents because the defendants attached those documents to their motion to dismiss, and the plaintiffs relied upon those documents when framing their complaint. See Mass. R. Civ. P. 10 (c), as amended, 456 Mass. 1401 (2010); Coghlin Elec. Contrs., Inc. v. Gilbane Bldg. Co., 472 Mass. 549, 552 n.5 (2015).

The defendants' brief indicates that DuLaurence's license was inactive as recently as 2015, as noted in DuLaurence v. Telegen, 94 F. Supp. 3d 73, 83 n.2 (D. Mass. 2015), and consequently suggests that Roberts's statement was not actionable as defamation.

The plaintiffs filed multiple motions for sanctions against the defendants, including (1) a motion pursuant to Mass. R. Civ. P. 11 (a), as amended, 456 Mass. 1401 (2010) (rule 11 [a] ), alleging that the defendants filed their affidavit of compliance with Rule 9A of the Rules of the Superior Court (2017) before the date by which the plaintiffs were allowed to serve their opposition to the defendants' motion to dismiss; (2) a motion pursuant to Mass R. Civ. P. 33, as amended, 385 Mass. 1212 (1982), and rule 11 (a) alleging that the defendants inadequately responded to interrogatories; and (3) a motion pursuant to the Massachusetts Rules of Professional Conduct and rule 11 (a) alleging that the defendants defamed DuLaurence by citing to an unrelated case in which DuLaurence was a party.
At the hearing for the defendants' motion to dismiss, the judge stated that if the plaintiffs "ha[d] other motions, I'll look at them, I'll review them, and if they appear appropriate for argument, we'll set them down for a hearing."

To the extent that we do not address the plaintiffs' other contentions, "they 'have not been overlooked. We find nothing in them that requires discussion.' " Department of Revenue v. Ryan R., 62 Mass. App. Ct. 380, 389 (2004), quoting Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).